# Richmond

RONALD DUANE BROWN v. COMMONWEALTH OF VIRGINIA.

April 23, 1973.

Record No. 8133.

Present, All the Justices.

*Augustus S. Hydrick*, for plaintiff in error.

*William A. Carter, III, Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

This case is before us on delayed appeal from a final judgment order entered on March 4, 1970 upon the jury's verdict finding defendant Ronald Duane Brown guilty of statutory burglary and fixing his punishment at five years in the penitentiary.

The sole issue involved is the sufficiency of the evidence to sustain the conviction.

During the night of December 15, 1969 the Cabell Shop, a women's dress shop in Richmond, was burglarized and a large quantity of clothing and thirty blank checks were stolen.

On the evening of December 17, 1969 the desk clerk at Holiday Inn West, a motel in Richmond, dispatched a bellhop to Brown's room to determine if it had been vacated as required at noon. In a dresser drawer the bellhop found an unzipped briefcase containing a

number of Cabell Shop checks and Brown's Blue Shield card and identification cards. The desk clerk double-locked the motel room and called the Richmond Police Department.

Later that evening Brown returned to his room and, being unable to unlock the door, went to the desk clerk's office. There, he was met and searched by a police officer who placed him under arrest for carrying a concealed .32 caliber pistol. The officer also found in defendant's shirt pocket a single Cabell Shop check imprinted by a check-writing machine "$94.86".

Brown denied the burglary. He testified that, while sitting in his car in a parking lot on December 17, 1969, he saw an unidentified person hide what appeared to be an adding machine and a briefcase; that he waited for the person to leave, retrieved the items and, without opening the briefcase, went to his motel room; that when he examined the contents of the briefcase he found the checks and a credit card in the name of Ronnie Traylor, one of his friends; that he took the $94.86 check and the credit card and went in search of Traylor; and that, being unable to find Traylor, he returned to the motel where he was arrested. Brown explained that his own identification cards had become commingled with the other papers in the briefcase while he was preparing a check to pay a bill he owed to a credit company.

Brown's brother testified that the two of them had been together from 4:30 p.m. until 2:30 a.m. on the night of the burglary and both had been asleep in bed from 2:30 a.m. until 7:30 a.m.

Harold Wayne Thomas, a prisoner in Richmond City Jail, testified that he alone had burglarized Cabell Shop; that "I got some stuff out of there when we broke into it—when I broke into it."; that he had not known Brown until he met him in jail following Brown's arrest; that the "stuff" had been stolen "a week or so" after the burglary from his car which he had parked, he first said, at "Mama's house" and later said, at "my brother's house"; and that he had not imprinted "$94.86" on the Cabell Shop Check.

Brown argues that the evidence proves nothing more than possession of stolen property; that there is no direct evidence that he broke and entered Cabell Shop; that the unexplained possession of recently stolen property raises a presumption of larceny but not of breaking and entering; and that the evidence is, therefore, insufficient to support the conviction of statutory burglary.

As distilled from the line of cases cited in *Sullivan* v. *Commonwealth*, 210 Va. 201, 203, 169 S.E.2d 577, 579 (1969), the rule in Vir-

ginia is that when the Commonwealth's evidence proves a breaking and entering and a theft of goods and justifies an inference that both offenses were committed at the same time by the same person as a part of the same criminal enterprise, if the evidence proves further that the goods stolen were found soon thereafter in the possession of the accused, the Commonwealth has made a prima facie case that the accused broke and entered. At that point, although the ultimate burden of proof remains with the Commonwealth, the burden of going forward with the evidence shifts to the accused. If the accused fails to go forward with evidence in justification of possession, his failure is an inculpatory circumstance which, considered with the circumstance of possession, is sufficient to support a conviction of breaking and entering. If the accused elects to go forward with the evidence, he bears the burden of proving the truth of his evidence in justification of possession, and if he fails, his failure is another such inculpatory circumstance. *See also Christian* v. *Commonwealth*, 210 Va. 117, 168 S.E.2d 112 (1969); *Miller* v. *Commonwealth*, 185 Va. 17, 37 S.E.2d 864 (1946); *Gravely* v. *Commonwealth*, 86 Va. 396, 10 S.E. 431 (1889).

Faced with the Commonwealth's prima facie case, Brown elected to go forward with the evidence. The question is whether his evidence in justification of possession was true or false. The jury found that it was false. They disbelieved Brown's brother. They disbelieved the prisoner Thomas. And they disbelieved Brown. We cannot say that they were unjustified in finding beyond a reasonable doubt that the exculpatory evidence adduced by the defendant was inherently incredible and false and, therefore, an inculpatory circumstance.

The evidence was sufficient to support the conviction, and the judgment is affirmed.

*Affirmed.*