Richmond

## ANDERSON NORMAN GUYNN

### v.

## COMMONWEALTH OF VIRGINIA

November 21, 1979.

Record No. 790100.

Present: All the Justices.

*Edward M. Turner, III,* for appellant.

*Vera S. Warthen, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

PER CURIAM.

Defendant, Anderson Norman Guynn, was convicted by a jury on an indictment charging him with breaking and entering the home of E. R. Ellis with the intent to commit larceny, in violation of Code § 18.2-91. The question presented in this appeal is whether the evidence was sufficient to support the conviction.

Between July 4 and 16, 1978, someone broke into the Ellis home. A television set, a citizen's band (C.B.) radio, an AM-FM radio, steaks, hamburger, and cigarettes were removed from the house. The Commonwealth based a substantial portion of its case upon the testimony of Floyd Bain, Jr., the defendant's brother-in-law. Bain testified that he saw Jesse Parrish, who was living with him at the time, take out of Bain's car and carry into the Bain home a television set, cigarettes, "hamburger and all kind of meat" when they returned from visiting Lucy Guynn, defendant's mother. Bain also testified that, while at defendant's mother's home "that same night *that* television [was brought] home, [defendant] was trying to sell *that,* and I don't know whether he sold *it* or not, I seen him trying to sell *that* and the C.B. radio and a clock radio of some type...to Roy Ayers." (emphasis added)

Shortly thereafter, police officers found in Bain's home the television set, which Ellis identified as the one stolen from his home. The C.B. radio and clock radio, neither of which Bain could describe more precisely, were not recovered and consequently could not be produced at the defendant's trial.

The defendant testified that he did not break into the Ellis home. Although claiming to know nothing about the theft, he acknowledged being with Parrish earlier on the day Parrish took the television into the Bain home. Jesse Parrish, testifying for the defendant, admitted taking the television from the Ellis home. He denied taking the other items and claimed that the defendant did not participate in the burglary. Parrish further testified that he and defendant were together shortly before he stole the television. In rebutting Parrish's statement that the defendant was not involved, the Commonwealth introduced a written statement signed by Parrish in which Parrish claimed that defendant broke into the Ellis home and brought the television out to the porch. According to his written statement, Parrish then took the television to defendant's mother's home, where he placed it in Bain's car.

The defendant contends that the evidence, when viewed in the light most favorable to the Commonwealth, merely establishes that he was in possession of goods similar to those taken from the Ellis home. We do not agree.

■ The Commonwealth can establish a prima facie case that a defendant broke and entered by (1) proving that goods have been stolen from a house into which someone has broken and entered; (2) justifying the inference that both offenses were committed at the same time, by the same person, as a part of the same criminal enterprise; and (3) proving that these goods were found soon thereafter in the possession of the defendant. *Schaum* v. *Commonwealth*, 215 Va. 498, 501, 211 S.E.2d 73, 76 (1975); *Brown* v. *Commonwealth*, 213 Va. 748, 750, 195 S.E.2d 703, 705 (1973).

■ In the present case, the evidence establishes that on the same night Parrish claimed to have taken the television from the Ellis home, the defendant was attempting to sell various items, including the television set, to Roy Ayers. The jury could have reasonably concluded from this evidence that the defendant was in possession of goods stolen from the Ellis home soon after the breaking and entering occurred. Under the *Schaum* test, the Commonwealth thus established a prima facie case of the defendant's guilt of breaking and entering and theft of the goods. It is also noteworthy that Bain's observation of the articles taken from his car and the articles defendant attempted to sell provided a complete accounting of almost all the articles taken from the Ellis home.

For the reasons stated, the judgment of the court below is

*Affirmed.*