COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Elder and Haley
Argued at Salem, Virginia


DONALD KEITH WOODS

MEMORANDUM OPINION[*] BY
v.         Record No. 0995-04-3                      JUDGE LARRY G. ELDER
APRIL 12, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Charles J. Strauss, Judge

S. Jane Chittom, Appellate Defender (Virginia Indigent Defense
Commission, on briefs), for appellant.

Denise C. Anderson, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Donald Keith Woods (appellant) appeals from his bench trial convictions for statutory

burglary and petit larceny.  On appeal, he contends the evidence was insufficient to support the

larceny conviction because it failed to prove he knowingly possessed property that had been

stolen.  He also argues the evidence was insufficient to prove burglary because the record

contained no evidence to support the inference that the breaking and entering and larceny were

committed at the same time.  The Commonwealth contends appellant failed to raise these

arguments with sufficient specificity at trial and, thus, that they are procedurally barred.  We

hold these assignments of error are properly before us on appeal and that the evidence is

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

sufficient to support appellant's convictions.  Thus, we affirm, subject to remand solely for the correction of a clerical error.[1]

I.

In reviewing the sufficiency of the evidence on appeal, we examine the record in the light most favorable to the Commonwealth, granting to the evidence all reasonable inferences fairly deducible therefrom.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The judgment of a trial court will be disturbed only if plainly wrong or without evidence to support it.  Id.

Unless we conclude a witness' testimony must be rejected as a matter of law based on its inherent incredibility, we must defer to the credibility determinations of "the fact finder[,] who has the opportunity of seeing and hearing the witnesses."  Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985).  In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused, in whole or in part, and to conclude that the accused is lying to conceal his guilt.  Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc); see also Tarpley v. Commonwealth, 261 Va. 251, 256-57, 542 S.E.2d 761, 764 (2001) (noting fact that accused lied provided basis for rejection of accused's testimony but was not substantive evidence of guilt).

Circumstantial evidence is as competent as direct evidence to prove the elements of a crime as long as the evidence as a whole excludes all reasonable hypotheses of innocence flowing from it.  See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994).  Where "[t]he circumstances . . . all concur to form an unbroken chain which links

---

[1] The February 10, 2004 conviction order indicates appellant pleaded guilty to these charges.  However, because the transcript clearly reflects appellant entered pleas of not guilty and the Commonwealth does not contend otherwise, we remand to the trial court for the sole purpose of correcting this clerical error in the conviction order.  See Tatum v. Commonwealth, 17 Va. App. 585, 592, 440 S.E.2d 133, 138 (1994).

the defendant to the crime beyond a reasonable doubt," the circumstantial evidence is sufficient to support the conviction. Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984).

## A.

### SUFFICIENCY OF EVIDENCE TO PROVE LARCENY

Appellant contends the evidence was insufficient to support his convictions because it failed to prove he knowingly possessed stolen property. The Commonwealth contends he failed to preserve this objection for appeal. We hold this assignment of error is properly before us but conclude the evidence was sufficient to support appellant's conviction for larceny.

Rule 5A:18 provides that "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable [this Court] to attain the ends of justice." The purpose of Rule 5A:18 is to avoid unnecessary appeals, reversals, and mistrials by requiring litigants to inform the trial judge of the action complained of so that the judge has the opportunity to consider the issue intelligently and take timely corrective action. Robinson v. Commonwealth, 13 Va. App. 574, 576, 413 S.E.2d 885, 886 (1992).

"Larceny is the taking and carrying away of the goods and chattels of another with intent to deprive the owner of the possession thereof permanently." Lund v. Commonwealth, 217 Va. 688, 691, 232 S.E.2d 745, 748 (1977). Under well-settled principles, the exclusive "[u]nexplained or falsely explained possession of recently stolen goods is a fact sufficient for the judge or jury to infer that the person in possession of the stolen goods was the thief." Lew v. Commonwealth, 20 Va. App. 353, 358, 457 S.E.2d 392, 394-95 (1995); see Winston v. Commonwealth, 26 Va. App. 746, 757, 497 S.E.2d 141, 147 (1998). This evidentiary device is known as "the 'larceny inference.'" Winston, 26 Va. App. at 757, 497 S.E.2d at 148.

We hold that the arguments appellant made at trial, coupled with the Commonwealth's argument and the trial court's express findings, indicate the court was aware of and took into consideration appellant's challenge to the sufficiency of the evidence to bring the larceny inference into play. Although appellant did not specifically mention the larceny inference, he argued his statement that he found the items on the street rendered the circumstantial evidence insufficient to support a conviction. The Commonwealth also clearly addressed the inference, arguing that appellant's falsely explained possession of the property permitted the reasonable inference that he was the one who stole it. Finally, the trial court rejected appellant's explanation for how he came into possession of the property and found "all the inferences and all the evidence" permitted a conviction for larceny. Thus, appellant's challenge to the applicability of the larceny inference is properly before us on appeal.

On the merits, we hold the evidence established that appellant was in exclusive possession of multiple items taken without permission from the apartment building located at 716 Berryman Street. From this evidence, the trier of fact was entitled to apply the larceny inference to infer that appellant was the thief.

Appellant contends that the fact finder was required to accept his claim that he found the items on the street and, thus, that the inference did not apply. We disagree. As the Supreme Court has explained,

> [A] [d]efendant's explanation of how he obtained possession would, if given credence, defeat the inference that he was the thief. However, even if [the] defendant's story was not inherently incredible, the trier of fact need not have believed the explanation. . . . Absent a credible, exculpatory explanation for [the] defendant's possession of the stolen goods, the judge permissibly inferred that defendant had committed the larceny.

Montgomery v. Commonwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980) (involving claim of accused that he found goods at trash dump near burglarized residence).

- 4 -

In appellant's case, as in <u>Montgomery</u>, the trier of fact was entitled to reject as false appellant's explanation for how he gained exclusive possession of the stolen items. Although the falsity of appellant's explanation did not provide substantive evidence of his guilt, <u>see</u> <u>Tarpley</u>, 261 Va. at 256-57, 542 S.E.2d at 764, the trial court's finding that appellant lacked a credible innocent explanation for his possession of the stolen items permitted it to apply the inference that appellant was the thief. <u>Cf.</u> <u>Covil v. Commonwealth</u>, 268 Va. 692, 695-96, 604 S.E.2d 79, 81-82 (2004) (upon court's rejection of accused's explanation for possession of stolen property, permitting application of inference to support finding that accused, although not thief, received stolen goods with guilty knowledge). Additional evidence established that someone closely resembling appellant was seen fleeing the burglarized premises shortly after appellant carted the stolen dresser off down the street.[2] This evidence was sufficient to support appellant's conviction for larceny.

B.

SUFFICIENCY OF EVIDENCE TO PROVE BURGLARY

Appellant also contends the evidence was insufficient to support his conviction for burglary because no evidence established the breaking and entering and the larceny occurred at

---

[2] The Commonwealth frames Michael Edwards's testimony as establishing "that there were not any items of furniture lying in the street on the date of this offense." However, Edwards was asked only whether "[he *saw*] any items from the house sitting out in the street" "*when [he] went over to 716 Berryman that day*." (Emphases added). Edwards responded negatively to this question. The evidence established that Edwards did not "[go] over to 716 Berryman" until after he had seen appellant pushing the dresser on a cart and after Edwards returned from having lunch. Thus, the Commonwealth's evidence did not exclude the hypothesis that the appliances and articles of furniture were, in fact, visible on the street near 716 Berryman when Edwards arrived at his nearby job site that morning or while Edwards was working on the roof before lunch and before he saw appellant carting away the dresser. The evidence affirmatively established only that there were no items on the sidewalk or street near 716 Berryman while Edwards was "standing outside in front of the house talking to the cop."

the same time. The Commonwealth contends appellant also failed to preserve this assignment of error for appeal. Again, we hold this assignment of error is properly before us on appeal.

In a prosecution for burglary, it is well established that:

> upon proof of a breaking and entering and a theft of goods, and if the evidence warrants an inference that the breaking and entering and the theft were committed at the same time by the same person and as part of the same transaction, "the exclusive possession of the stolen goods shortly thereafter, unexplained or falsely denied, has the same efficiency to give rise to an inference that the possessor is guilty of the breaking and entering as to an inference that he is guilty of the larceny."

Sullivan v. Commonwealth, 210 Va. 201, 203, 169 S.E.2d 577, 579 (1969) (quoting Drinkard v. Commonwealth, 163 Va. 1074, 1083, 178 S.E. 25, 28 (1935)).

Here, appellant argued there would have been "many multiple opportunities for things to have been missing out of that house," amounting to an argument that the evidence failed to prove the breaking and entering and larceny occurred at the same time. We hold this statement was sufficient to challenge the applicability of the burglary inference.

On the merits, we assume without deciding the burglary inference does not apply under the facts of this case.[3] Nevertheless, the evidence, even absent the burglary inference, was sufficient to support a finding that appellant was the person who broke and entered the dwelling

---

[3] The breaking and entering and thefts were discovered on June 14, 2003, but no one witnessed the breaking, and the burgled house was located in a high crime neighborhood. The property manager testified that he checked the property during "the first part of June" sometime prior to June 14, 2003. The trial court found the burglary occurred "probably on that day or close to the day that all of this was discovered." The Commonwealth argues it need not "affirmatively prove that the burglary and larceny were committed at the same time by the same person" and contends that such an "inference can be made simply by the defendant's recent, exclusive possession of stolen goods and his failure to give [a] credible account of how he came into possession of the property." Appellant argues the Commonwealth must establish some degree of contemporaneousness of the breaking and entering and the larceny in order to invoke the burglary inference. We need not resolve this dispute here because, as discussed *infra* in the text, the evidence was sufficient to support appellant's conviction even in the absence of the inference.

at 716 Berryman Street. The trial court was entitled, as it did, to reject appellant's statement that he found the items on the street. This rejection did not constitute substantive evidence that appellant was the person who removed the items from 716 Berryman Street, and standing alone, it would have been insufficient to prove he committed burglary. However, additional evidence established that someone who looked like appellant was seen *inside* the premises shortly after appellant wheeled a dresser from the premises down the street to his cousin's house. This evidence, viewed in the light most favorable to the Commonwealth, supported the inference that the person seen on the premises was, in fact, appellant. Further, appellant admitted having in his possession several of the items missing from the premises. See Guynn v. Commonwealth, 220 Va. 478, 480, 259 S.E.2d 822, 824 (1979) (noting as evidence supporting conviction for burglary fact that defendant possessed "almost all the articles taken from the [burgled] home"). The only reasonable hypothesis flowing from this evidence, viewed in the light most favorable to the Commonwealth, is that appellant not only stole the missing items from the premises at 716 Berryman Street but that he also broke and entered those premises--"on that day or close to the day that all of this was discovered," as found by the trial court--with an intent to commit a larceny.

II.

For these reasons, we hold appellant's assignments of error are properly before us on appeal and that the evidence is sufficient to support appellant's convictions. Thus, we affirm and remand solely for the correction of a clerical error.[4]

<u>Affirmed and remanded with instructions.</u>

---

[4] See supra footnote 1.