COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Alston and Senior Judge Coleman
Argued at Richmond, Virginia


BILLY JACK HOPPER

                                         MEMORANDUM OPINION[*] BY
v.       Record No. 2492-10-2                JUDGE ROSSIE D. ALSTON, JR.
                                               JUNE 12, 2012

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF POWHATAN COUNTY
James F. D'Alton, Jr., Judge

Ronald Gore for appellant.

Erin M. Kulpa, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Billy Jack Hopper ("appellant") appeals his convictions for statutory burglary in violation

of Code § 18.2-91, and petit larceny, third or subsequent offense, in violation of Code

§ 18.2-96.[1]  Appellant contends on appeal that the trial court erred in finding the evidence

sufficient to convict him of statutory burglary because the Commonwealth failed to prove he had

the requisite intent upon entry onto the property and because the evidence failed to justify the

inference of breaking and entering from the possession of recently stolen items.  Additionally,

appellant claims that the trial court erred in convicting him of burglary and larceny because the

Commonwealth failed to prove that he had exclusive possession of recently stolen items.

Similarly, appellant argues that the trial court erred in finding the evidence sufficient to convict

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also convicted of attempted uttering in violation of Code §§ 18.2-26 and
18.2-172 which he challenged in his petition for appeal, but a panel of this Court granted review
of his challenges to the burglary and larceny convictions only.

him of larceny because the evidence failed to justify the inference of larceny from the possession of recently stolen items. We disagree and affirm both convictions.

BACKGROUND[2]

When reviewing a conviction for the sufficiency of the evidence, this Court asks only if "'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Additionally, we "will affirm the judgment unless the judgment is plainly wrong or without evidence to support it." Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008) (citing Coles v. Commonwealth, 270 Va. 585, 587, 621 S.E.2d 109, 110 (2005)).

So viewed, the evidence indicated that Ellis Palmore closed and locked his office at Ellis M. Palmore Lumber, Inc. on December 18, 2008, before leaving for the night. When he returned the next morning, he discovered that someone had broken into the office and rifled through the drawers and papers in the office, scattering some items on the floor. At the time of the break-in, Palmore did not believe that the person had taken anything. However, several weeks later, Palmore discovered that several checks, all in sequence, were missing.

Palmore testified at trial that he stored his company's payroll checks in a desk drawer in his office. Each week, he filled in the relevant payment information on the checks with a computer, and then either he or his son would sign the completed check. Although they used the checks weekly, Palmore and his son did not usually take inventory of the checks.

---

[2] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

On December 19, 2008, the day after the break-in at Palmore's office, appellant entered a "Get N Go" convenience store in Chesterfield County to cash a check for $350 drawn on the payroll account of Palmore Lumber. Neither Palmore nor his son had signed the check, and Palmore only became aware that the check was cashed a month later. Appellant, who lived one and a half miles from Palmore's office, had never worked for Palmore and later told police that he was "not familiar with" Palmore. Nonetheless, the check, dated December 19, 2008, was made out to appellant and bore the signature "E.M. Palmore."

On January 16, 2009, appellant tried to cash two additional payroll checks from Palmore Lumber at a convenience store, Al's Marketplace. The owner, Altaf Kapadi, was suspicious because the checks were dated one month prior – December 2008. Consequently, he called Palmore Lumber to verify the checks' authenticity. While Kapadi was on hold, appellant asked Kapadi to give him the checks back and quickly left the store. Palmore investigated his desk drawer after speaking with Kapadi and discovered that he was missing several checks.

Appellant was identified as the presenter of the check after reviewing surveillance footage from Kapadi's store, and on January 25, 2009, police recovered the first check appellant had cashed at the Get N Go. Appellant admitted that he had cashed the check, but told police that a black male living "in the Hull Street Road area" had given him the check as payment for cutting down trees. Appellant could not remember either the man's name or the address where he had allegedly performed the work.

On October 13, 2009, a grand jury charged appellant with statutory burglary in violation of Code § 18.2-91, petit larceny, third or subsequent offense, in violation of Code § 18.2-96, and attempted uttering in violation of Code §§ 18.2-26 and 18.2-172. At appellant's bench trial on June 6, 2010, Palmore testified consistently with the events described above and admitted that there was a prior break-in at the Palmore Lumber warehouse before December 18, 2008, but that

- 3 -

the break-in did not extend into his personal office. He also testified that he noticed that tools and other specific items were stolen in the prior break-in. Kapadi testified that the check that appellant cashed at the Get N Go bore the same company name, amount, and date as the checks that appellant had attempted to cash at Kapadi's store. Lieutenant Kevin Wolfe of the Powhatan County Sheriff's Office testified to appellant's statements about how he obtained the check. Additionally, a handwriting expert testified that despite finding no similarities between appellant's handwriting and the writing on the checks, there were strong similarities between the handwriting of appellant's girlfriend, Kristin Sharp, and the handwriting on the checks.

Appellant moved to strike the evidence at the end of the Commonwealth's case-in-chief. He argued that the Commonwealth failed to prove when the checks were taken because it took Palmore several weeks to notice they were missing. As a result, according to appellant, there was no concrete evidence that the checks were "recently stolen" when appellant had them, and thus the Commonwealth could not rely on the inference arising from his possession of recently stolen goods to prove either the breaking and entering or the larceny of the checks. Appellant argued that the evidence was insufficient to convict him without this inference, as his hypothesis of innocence – that the check was payment for his services cutting trees – was reasonable. Additionally, appellant maintained that there was no evidence that the breaking and entering occurred at nighttime, or that the person who vandalized the office actually broke and entered instead of walking in through an unlocked door. The trial court denied the entirety of appellant's motion to strike.

Appellant did not present any evidence of his own, and merely renewed his motion to strike on the same grounds. During its consideration of the motion to strike, the trial court first granted the Commonwealth's motion to amend its burglary charge to exclude the nighttime element and then denied the remainder of appellant's motion. The trial court found appellant

- 4 -

guilty of statutory burglary in violation of Code § 18.2-91, petit larceny, third or subsequent offense, in violation of Code § 18.2-96, and attempted uttering in violation of Code §§ 18.2-26 and 18.2-172. The trial court later sentenced appellant to thirty years' imprisonment with twenty-eight years and six months suspended.

This appeal followed.

ANALYSIS

A. Intent Upon Entry and Exclusive Possession

Appellant makes three distinct arguments challenging his burglary conviction. First, appellant contends that the Commonwealth failed to prove that he had the intent to commit a felony at the time that he entered Palmore's office. Second, appellant argues that the Commonwealth's evidence was insufficient because the evidence demonstrated not only that appellant's handwriting was not on the checks, but that appellant's girlfriend, Sharp, may have been the person who wrote the information on the checks. According to appellant, because the evidence failed to prove that appellant exclusively possessed the checks following the burglary, he claims the trial court impermissibly applied the inference of burglary from the possession of recently stolen goods.

Rule 5A:18 precludes our review of any "ruling of the trial court . . . unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." It is well settled that this Court will not consider arguments on appeal that an appellant did not make at trial. See Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*). "A general argument or an abstract reference to the law is not sufficient to preserve an issue." Id. (citing Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994)). Making one specific argument on an issue does not preserve a separate legal point on the same issue for

- 5 -

review.  See Clark v. Commonwealth, 30 Va. App. 406, 411-12, 517 S.E.2d 260, 262 (1999) (preserving one argument on sufficiency of the evidence does not allow argument on appeal regarding other sufficiency questions).  Although appellant made related arguments at trial, he did not present either of these specific arguments to the trial court about the Commonwealth's failure to prove his intent upon entry onto the property or that he had exclusive possession of the checks following the burglary.

Moreover, appellant has not requested that this Court apply the ends of justice or good cause exceptions to consider these arguments.  This Court does not raise either of these exceptions *sua sponte*.  Edwards, 41 Va. App. at 761, 589 S.E.2d at 448.  Consequently, we deem both arguments waived and will not consider their merits.

### B.  Inference of Burglary from Possession of Recently Stolen Goods

Appellant contends that the Commonwealth's evidence was insufficient to prove that he committed the December burglary at Palmore's office because the Commonwealth did not establish an unbroken chain of circumstances beginning with the checks' presence in the office and ending with appellant's possession of the checks.

When we review the sufficiency of the evidence on appeal, we grant all reasonable inferences properly inferred from the evidence viewed in the light most favorable to the Commonwealth.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). We will not reverse the trial court's decision unless it is plainly wrong or without evidence to support it.  Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002).

The Virginia Supreme Court has explained the "burglary inference" as follows:

> upon proof of a breaking and entering and a theft of goods, and if the evidence warrants an inference that the breaking and entering and the theft were committed at the same time by the same person and as part of the same transaction, "the exclusive possession of the stolen goods shortly thereafter, unexplained or falsely denied, has the same efficiency to give rise to an inference that the

> possessor is guilty of the breaking and entering as to an inference that he is guilty of the larceny."

Sullivan v. Commonwealth, 210 Va. 201, 203, 169 S.E.2d 577, 579 (1969) (quoting Drinkard v. Commonwealth, 163 Va. 1074, 1083, 178 S.E. 25, 28 (1935)).  Appellant's arguments are similar to those made in Brown v. Commonwealth, 213 Va. 748, 195 S.E.2d 703 (1973).  Brown argued, as appellant does here, that the Commonwealth had merely proven that he possessed stolen property because it did not introduce direct evidence of Brown's breaking and entering. Id. at 749, 195 S.E.2d at 705.  Affirming Brown's conviction, the Supreme Court reiterated Sullivan's requirements and went on to note:

> if the evidence proves further that the goods stolen were found soon thereafter in the possession of the accused, the Commonwealth has made a prima facie case that the accused broke and entered.  At that point, although the ultimate burden of proof remains with the Commonwealth, the burden of going forward with the evidence shifts to the accused.  If the accused fails to go forward with evidence in justification of possession, his failure is an inculpatory circumstance which, considered with the circumstance of possession, is sufficient to support a conviction of breaking and entering.  If the accused elects to go forward with the evidence, he bears the burden of proving the truth of his evidence in justification of possession, and if he fails, his failure is another such inculpatory circumstance.  See also Christian v. Commonwealth, 210 Va. 117, 168 S.E.2d 112 (1969); Miller v. Commonwealth, 185 Va. 17, 37 S.E.2d 864 (1946); Gravely v. Commonwealth, 86 Va. 396, 10 S.E. 431 (1889).

Brown, 213 Va. at 750, 195 S.E.2d at 705.

The Commonwealth's evidence in this case demonstrated that someone broke and entered into Palmore's office on the night of December 18, 2010, and that appellant successfully cashed a forged payroll check drawn from the Palmore Lumber checking account on December 19, 2010.  Just as Brown attempted to justify his possession of stolen checks after the Commonwealth established a prima facie case, id. at 749, 195 S.E.2d at 704-05, appellant claimed that he had received the stolen checks from an unnamed man for cutting down trees but

could not provide the address where he performed the work. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). As in Brown, the factfinder here necessarily determined that appellant's justification for possessing the stolen checks was not credible; we cannot say that this conclusion was unsupported by the evidence, especially considering that appellant could not provide the man's name or the address where he claimed to have cut down the trees. Consequently, we find no error in the trial court's conviction of appellant for statutory burglary.

### C. The Larceny Inference

Under his second assignment of error, appellant asserts that the trial court erred in applying the larceny inference when the evidence was insufficient to justify the trial court's drawing that inference of larceny from appellant's possession of recently stolen items. More specifically, appellant contends on brief that the error stems from the Commonwealth's failure to demonstrate that the stolen checks were physically in Palmore's office prior to the December 18, 2010 break-in and failed to establish when they were taken.

Viewing the evidence in the light most favorable to the Commonwealth and according it all reasonable inferences as the prevailing party below, the evidence was sufficient to support the trial court's conclusion that appellant took the payroll checks from Palmore's office on the night of December 18, 2010. Although the trial court did not give any rationale for its determination on any of appellant's convictions, the record supports this determination by application of the larceny inference.

Similar to the inference supporting burglary from the possession of recently stolen items, the Commonwealth needed to first prove that personal property had been taken from its owner

without the owner's consent and that appellant had possession of the stolen items to support the larceny inference.  See Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987).  Palmore testified that he was missing several checks and that he did not sign the check that appellant cashed.  Appellant admitted to Lieutenant Wolfe that he cashed the check at the Get N Go the day after the break-in.  As we noted above, "'the exclusive possession of the stolen goods shortly thereafter, unexplained or falsely denied, has the same efficiency to give rise to an inference that the possessor is guilty of the breaking and entering as to an inference that he is guilty of the larceny.'"  Sullivan, 210 Va. at 203, 169 S.E.2d at 579 (quoting Drinkard, 163 Va. at 1083, 178 S.E. at 28).  Similar to the analytical framework with respect to the burglary conviction, we find no error in the trial court's credibility determination discrediting appellant's explanation for his possession of the stolen checks.

CONCLUSION

Because we find that appellant waived some of his arguments, and we find no error in those arguments properly preserved for appeal, we affirm his convictions.

Affirmed.