COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, McCullough and Senior Judge Clements
Argued at Chesapeake, Virginia

PHILLIP HOWELL DELAIN

MEMORANDUM OPINION[*]
v.      Record No. 1961-11-1      BY JUDGE D. ARTHUR KELSEY
OCTOBER 23, 2012

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Gregory K. Matthews (Office of the Public Defender, on
brief), for appellant.

John W. Blanton, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


The trial court convicted Phillip Howell Delain of various charges including statutory

burglary. On appeal, Delain challenges the sufficiency of the evidence supporting his burglary

conviction. Finding the evidence sufficient, we affirm.


I.

When presented with a sufficiency challenge on appeal, we review the evidence in the

"light most favorable" to the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578

S.E.2d 781, 786 (2003). This principle requires us to "discard the evidence of the accused in

conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to

the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth,

221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

In addition, our appellate review "is not limited to the evidence mentioned by a party in trial argument or by the trial court in its ruling." Perry v. Commonwealth, 280 Va. 572, 580, 701 S.E.2d 431, 436 (2010) (quoting Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008)). Instead, "an appellate court must consider all the evidence admitted at trial that is contained in the record." Id. (quoting Bolden, 275 Va. at 147, 654 S.E.2d at 586); see also Hamilton v. Commonwealth, 279 Va. 94, 103, 688 S.E.2d 168, 173 (2010).

The record shows that Cornetta Reeves was at her home in Portsmouth on or about January 10, 2011, when she was admitted into a local hospital. The paramedics who transported her to the hospital locked the doors to her home and gave Reeves her pocketbook and keys. She remained in the hospital for several weeks. On or about January 20, 2011, Reeves's son went to her home and noticed some items had fallen from a table onto the floor. A week or two later, he discovered his mother's television and microwave oven were missing. He had seen both items during his prior visit. He also found that some of his mother's jewelry was missing. Upon a closer inspection of the home, Reeves's son observed a kitchen window was broken and its screen removed. He promptly called the police.

A police detective checked with a local pawn shop in Portsmouth and learned someone had recently pawned several pieces of jewelry fitting the description of the jewelry taken from Reeves's home. The detective did not recover the jewelry, but obtained copies of the pawn tickets describing the jewelry and identifying Delain as the seller. Delain lived across the street from Reeves. Delain pawned the jewelry items on January 20, 22, and 24, 2011. When the detective later questioned Delain, Delain mentioned a man he knew as "Weezie" but offered no further details about the man. App. at 66. Police databases revealed no information regarding anyone using the nickname "Weezie."

A teller from a local branch of Wachovia Bank testified that on January 26, 2011, Delain cashed a $200 check drawn on Reeves's checking account. The same teller also said Delain returned on February 14, 2011, seeking to cash another $200 check from Reeves's account. Reeves's son happened to be at the bank branch, standing in line, when Delain presented the second check. The teller cashed the check and, after Delain left, the teller asked Reeves's son if he knew Delain. The son said he did not. The teller told Reeves's son that Delain had said he was doing some work for Reeves. Her son replied that could not be so, as his mother was in the hospital. Later that afternoon, Delain appeared at the same bank branch and cashed a third check drawn on Reeves's account for $200.

All three checks indicated they were payment for housework. At trial, however, Reeves's son testified he had power of attorney for his mother and shared the checking account with her. He did not authorize Delain to perform any work on his mother's house or give him any of his mother's checks. The three checks Delain cashed, Reeves's son added, had come from his mother's checkbook.

Reeves testified she kept her checkbook on top of a chest of drawers in her bedroom, next to the dresser where she kept her jewelry.[1] She did not give anyone access to her checkbook or authorize anyone, except her son, to write checks from her account. Nor did she sign any of the

---

[1] Delain notes that, at one point in her testimony, Reeves suggested she took her checkbook with her in her purse when she went to the hospital. App. at 46. In other places, however, she insisted the checkbook remained in her home while she was in the hospital. Id. at 38 ("My checkbook is on my chest of drawers."), 46 (clarifying that the checkbook and bank book "were still in [her] house" while she was in the hospital). The trial court was free to believe Reeves did, in fact, leave her checkbook in her home. The power to segregate evidence "into the believable, partly believable, or wholly unbelievable is an exercise of decisional discretion intrinsic to the factfinding task and essential to its proper performance." James v. Commonwealth, 53 Va. App. 671, 679 n.2, 674 S.E.2d 571, 575 n.2 (2009) (citation omitted); Coleman v. Commonwealth, 52 Va. App. 19, 22 n.1, 660 S.E.2d 687, 689 n.1 (2008).

three checks cashed by Delain. Reeves also stated she neither gave anyone permission to enter her home nor hired anyone to do any housework. She did not know Delain, hire him to do housework, give him access to her home, or write any checks to him.

Sitting as factfinder, the trial court found Delain guilty of statutory burglary, forgery, uttering forged checks, and obtaining money by false pretenses. On appeal, Delain challenges only the sufficiency of the evidence supporting his burglary conviction.

II.

In a bench trial, a trial judge's "major role is the determination of fact, and with experience in fulfilling that role comes expertise." Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004) (citation omitted). For this reason, we examine trial court factfinding "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). We neither "reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), nor "preside *de novo* over a second trial" on appeal, Haskins, 44 Va. App. at 11, 602 S.E.2d at 407.

Instead, the only "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)); see also Cavazos v. Smith, 132 S. Ct. 2, 3 (2011). "This deferential standard of review applies not only to the historical facts themselves, but the inferences from those facts as well. Thus, a factfinder may draw reasonable inferences from basic facts to ultimate facts, unless doing so would push into the realm of *non sequitur*." McEachern v. Commonwealth, 52 Va. App. 679, 684 n.2, 667 S.E.2d 343, 345 n.2 (2008) (citations and internal quotation marks omitted).

In this case, a rational factfinder could conclude Delain was guilty of burglary. He was found in possession of the stolen checks shortly after Reeves's son discovered the burglary of his mother's home. This fact gives rise to the reasonable inference that Delain broke into Reeves's home and took the checks from her checkbook. "Virginia law permits the trier of fact to infer from possession of recently stolen goods that the possessor has committed burglary." Ronald J. Bacigal, Criminal Offenses and Defenses 91-92 (2011-12).[2] Under this approach,

> proof of breaking and entering and theft of goods justifies an inference that both offenses were committed at the same time by the same person as a part of the same enterprise if there is further proof that the goods stolen were found soon thereafter in the possession of the accused.

Cook v. Commonwealth, 214 Va. 686, 687, 204 S.E.2d 252, 253 (1974).[3]

Delain's false explanation for possessing the checks — that he received them from Reeves for doing housework — provided further evidence incriminating him in the burglary. When the recent possession inference applies, as it does here,

> although the ultimate burden of proof remains with the Commonwealth, the burden of going forward with the evidence shifts to the accused. If the accused fails to go forward with evidence in justification of possession, his failure is an inculpatory circumstance which, considered with the circumstance of possession, is sufficient to support a conviction of breaking and

---

[2] On brief, Delain argues the evidence did not specifically link the jewelry stolen from Reeves to the jewelry pawned by Delain. Given the direct link between the checks stolen from Reeves and the checks forged and uttered by Delain, however, we need not examine in detail the evidence surrounding the theft of the pawned jewelry. See generally Bunch v. Commonwealth, 225 Va. 423, 437, 304 S.E.2d 271, 279 (1983) (holding "strict proof of identity" of stolen jewelry was not required where the defendant was in recent possession of "goods of the type stolen" (citation omitted)); Henderson v. Commonwealth, 215 Va. 811, 812-13, 213 S.E.2d 782, 783 (1975) ("When an accused is found in possession of goods of a type recently stolen, strict proof of identity of the goods is not required."); Burton v. Commonwealth, 58 Va. App. 274, 284, 708 S.E.2d 444, 449 (2011) (applying recent possession inference when the "goods in question match the general description of the recently stolen items").

[3] See also Guynn v. Commonwealth, 220 Va. 478, 480, 259 S.E.2d 822, 823-24 (1979); Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987).

entering. If the accused elects to go forward with the evidence, he bears the burden of proving the truth of his evidence in justification of possession, and if he fails, his failure is another such inculpatory circumstance.

Brown v. Commonwealth, 213 Va. 748, 750, 195 S.E.2d 703, 705 (1973).[4] At trial, Delain did not present an explanation for his possession of the stolen checks. His pretrial explanation to the bank teller, moreover, was clearly proven to be false. This prevarication serves to confirm his guilt.

Finally, Delain notes that others, including Reeves's caregiver, might have had access to her home while she was in the hospital. "However, the law does not require that the Commonwealth negate this remote possibility." Christian v. Commonwealth, 210 Va. 117, 120, 168 S.E.2d 112, 114 (1969). The reasonable doubt standard, as stringent as it is, does not ignore the axiom that "[e]vidence is seldom sufficient to establish any fact as demonstrated and beyond all doubt." Harris v. Commonwealth, 206 Va. 882, 887, 147 S.E.2d 88, 92 (1966) (quoting Toler v. Commonwealth, 188 Va. 774, 780, 51 S.E.2d 210, 213 (1949)). "'Anything is possible,' as Judge Posner has observed, 'but a merely metaphysical doubt . . . is not a reasonable doubt for purposes of the criminal law. If it were, no one could be convicted.'" Joyce v. Commonwealth, 56 Va. App. 646, 666, 696 S.E.2d 237, 247 (2010) (quoting United States v. Ytem, 255 F.3d 394, 397 (7th Cir. 2001)).

III.

Finding the evidence sufficient to support Delain's burglary conviction, we affirm.

Affirmed.

---

[4] Under settled principles, "the Due Process Clause does not prohibit the use of a permissive inference as a procedural device that shifts to a defendant the burden of producing some evidence contesting a fact that may otherwise be inferred, provided that the prosecution retains the ultimate burden of proof beyond a reasonable doubt." Yap v. Commonwealth, 49 Va. App. 622, 632, 643 S.E.2d 523, 527 (2007) (citation omitted).