PRESENT:   All the Justices

BARAKA BOLDEN,
S/K/A BARAKA S. BOLDEN

v.   Record No. 070816                        OPINION BY
                                    JUSTICE S. BERNARD GOODWYN
                                          January 11, 2008
COMMONWEALTH OF VIRGINIA

               FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal from a judgment of the Court of Appeals, we

consider whether the evidence was sufficient to establish that

the defendant possessed a firearm.

     Baraka Bolden was tried, without a jury, in the Circuit

Court of the City of Hampton on October 19, 2005, upon

indictments charging possession of cocaine with intent to

distribute, possession of marijuana with intent to distribute,

possession of a firearm while in possession of cocaine,

possession of a concealed weapon, and possession of a firearm by

a convicted felon.  Bolden was convicted on all charges and

sentenced to a total of 22 years' imprisonment with 12 years

suspended.

     The Court of Appeals, in a published opinion, Bolden v

Commonwealth, 49 Va. App. 285, 640 S.E.2d 526 (2007), affirmed

the trial court's judgment, holding, in relevant part, that the

trial court did not err in finding the evidence sufficient to

sustain Bolden's convictions.

This Court granted Bolden an appeal limited to the issues of:  whether sufficient evidence existed to find that Bolden possessed a firearm or weapon; and whether the Court of Appeals erred when, in determining the sufficiency of the evidence, the Court considered evidence admitted at trial and contained in the record, even though that evidence was never argued to, nor commented upon by, the trial court.

On February 10, 2005, Officer Eric R. Bjune encountered a vehicle not parked within the parallel lines in a hotel parking lot.  A man later identified as Bolden was sitting in the driver's seat and a woman was sitting in the front passenger seat.  As Bjune approached the vehicle, both occupants exited the vehicle.  Bolden closed the vehicle door and walked toward Bjune.  When Bolden was within several feet of the officer, Bolden dropped some brown rolling paper and a "blue Ziploc bag" that appeared to contain cocaine.  Bjune immediately placed Bolden into custody and searched him, finding several bags of marijuana hidden in Bolden's groin area and $590 in cash on Bolden's person.

When Bjune looked in the vehicle, he saw a blue plastic grocery bag in plain view in the driver's seat against the armrest.  Bjune opened the bag and found a loaded .32 caliber handgun inside the bag.  Regarding the location of the bag, Bjune testified that "it was right beside Mr. Bolden or he was

2

sitting on it." Officer Bjune admitted that he could not determine that a firearm was in the blue bag until he "picked up the bag and looked inside."

Bjune also found an open knapsack in the vehicle. It contained a box of sandwich baggies and additional small bags consistent with the one containing the cocaine that Bolden had dropped. Additionally, the knapsack contained marijuana and a digital scale. Bjune testified that he did not know how long Bolden was in the vehicle prior to Bjune's arrival. Detective Christopher Hake, an expert in narcotics manufacturing, distribution, and packaging, testified that the narcotics possessed by Bolden were inconsistent with personal use. Hake based his opinion upon the combined findings of: the packaging of the narcotics, the presence of additional packaging materials in the vehicle, the $590 in cash seized from Bolden's person, the scales, and the firearm with ammunition found in the vehicle. Hake testified that a drug dealer would carry a firearm "so he can protect his interests – his cocaine, his money."

Bolden challenges the sufficiency of the evidence to prove beyond a reasonable doubt that he possessed the firearm in question. He also contends that an appellate court determining the sufficiency of the evidence may not consider evidence admitted at trial, but not mentioned by the Commonwealth in its

3

trial arguments or by the trial court in its ruling. Specifically, Bolden asserts that the Commonwealth's theory of constructive possession argued at trial did not mention the connection between drug distribution and possession of a firearm, and the trial court did not comment on any such connection in its ruling.

When a defendant challenges on appeal the sufficiency of the evidence to sustain his conviction, the appellate court has a duty to examine all the evidence that tends to support the conviction. Coles v. Commonwealth, 270 Va. 585, 587, 621 S.E.2d 109, 110 (2005); Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998); Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998). Contrary to Bolden's assertion, this examination is not limited to the evidence mentioned by a party in trial argument or by the trial court in its ruling. In determining whether there is evidence to sustain a conviction, an appellate court must consider all the evidence admitted at trial that is contained in the record. The defendant's assignment of error based upon the Court of Appeals considering evidence admitted at trial, but not mentioned by a party in trial argument or by the trial court in its ruling, is without merit.

Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most

favorable to the Commonwealth, the prevailing party below. Baldwin v. Commonwealth, 274 Va. 276, 278, 645 S.E.2d 433, 433 (2007); Robinson v. Commonwealth, 273 Va. 26, 30, 639 S.E.2d 217, 219 (2007). "We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004). When reviewing the sufficiency of the evidence to support a conviction, the Court will affirm the judgment unless the judgment is plainly wrong or without evidence to support it. Coles, 270 Va. at 587, 621 S.E.2d at 110; Burns v. Commonwealth, 261 Va. 307, 337, 541 S.E.2d 872, 892 (2001).

A conviction for the unlawful possession of a firearm can be supported exclusively by evidence of constructive possession; evidence of actual possession is not necessary. Rawls v. Commonwealth, 272 Va. 334, 349, 634 S.E.2d 697, 705 (2006); Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 872 (1998). To establish constructive possession of the firearm by a defendant, "the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control." Rawls, 272 Va. at 349, 634 S.E.2d at 705; accord Walton, 255 Va. at 426, 497 S.E.2d at 872; Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845

5

(1986); Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984); Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975). While the Commonwealth does not meet its burden of proof simply by showing the defendant's proximity to the firearm, it is a circumstance probative of possession and may be considered as a factor in determining whether the defendant possessed the firearm. Rawls, 272 Va. at 350, 634 S.E.2d at 705; Walton, 255 Va. at 426, 497 S.E.2d at 872; Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982).

There is evidence to support a finding that Bolden was aware of the presence and character of the firearm and it was within his dominion and control. Bolden exited the vehicle along with the only other passenger, and Bolden attempted to contact the officer before the officer could get to the vehicle. The bag containing the gun was open and obvious to someone looking in the vehicle, and it was located in immediate proximity to where Bolden had been sitting. Additionally, Bolden possessed illegal drugs with the intent to distribute them, and an expert witness testified at trial as to the link between the distribution of drugs and the possession of a firearm.

For these reasons we hold that the evidence was sufficient to establish that Bolden possessed the firearm, and we will affirm the judgment of the Court of Appeals.

<u>Affirmed</u>.