COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Elder and Beales
Argued at Richmond, Virginia


ANTONIO JAMEL LEE

MEMORANDUM OPINION[*] BY
v.      Record No. 0713-07-1      CHIEF JUDGE WALTER S. FELTON, JR.
JULY 15, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James A. Cales, Jr., Judge

S. Jane Chittom, Appellate Defender (Office of the Appellate
Defender, on briefs), for appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Antonio Jamel Lee (appellant) was convicted following a jury trial of possession of a

firearm by a convicted felon in violation of Code § 18.2-308.2(A). Appellant contends the trial

court abused its discretion in admitting evidence at trial that, during a traffic stop, police officers

recovered cocaine from his person and in the bags located directly beneath his feet in the car in

which he was a passenger. He contends the introduction of the drug evidence was highly

prejudicial in his jury trial on a charge of possession of a firearm by a felon and that none of the

exceptions under which it is permissible to admit "other crimes evidence" applied. For the reasons

that follow, we affirm appellant's conviction.

I. BACKGROUND

On September 26, 2005, at approximately 4:00 p.m., two Portsmouth Police Department

officers stopped April Townley, the driver of a black Jeep Cherokee, for failure to signal a left

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

turn. Appellant was sitting in the front passenger seat of the vehicle, and another individual was sitting in the back seat. When appellant started making a great deal of noise, Officer Scott Huneycutt asked Townley to get out of the vehicle. As he gave her a warning for the traffic violation and returned her license, he noticed she was very nervous and her voice was stuttering. He then asked for and received her permission to search the vehicle.

In order to search the vehicle, Officer Huneycutt asked Townley, appellant, and the other passenger to stand outside the vehicle. On the front passenger side of the vehicle, he found a pillowcase and several plastic bags on the floorboard where appellant's feet had been. Inside the pillowcase, Officer Huneycutt found items of jewelry, as well as a plastic bag that contained a loaded handgun. He also found almost one-half kilo of cocaine in another bag adjacent to the pillowcase. After finding the jewelry, handgun, and cocaine, Officer Huneycutt instructed another officer to arrest appellant. Shortly thereafter, appellant told Officer Huneycutt, "Cutt, make sure you get all *my* jewelry. There's fifty thousand dollars in jewelry, and *it's mine.*" (Emphasis added). During the search of appellant incident to his arrest, the officer found a baggie containing five rocks of crack cocaine in appellant's right sock and $1,380 in his left sock. Among other charges, appellant was charged with possession of a firearm by a felon in violation of Code § 18.2-308.2(A).[1]

In a pretrial motion *in limine*, appellant moved to exclude any evidence that drugs were found in the vehicle or on his person. He also moved to exclude conversations taped while he was in jail in which he admitted, "I got caught with half a bird and thirteen on me." The trial

---

[1] Appellant was also charged with the manufacture, sale or distribution of a controlled substance with intent to distribute in violation of Code § 18.2-248; the manufacture, sale or distribution of a controlled substance with intent to distribute, second or subsequent offense, in violation of Code § 18.2-248(C); possession of a firearm while in possession of a controlled substance in violation of Code § 18.2-308.4; and possession of a firearm while in possession of a controlled substance with intent to distribute in violation of Code § 18.2-308.4(C). He was tried separately for those offenses.

court denied appellant's motion, concluding the drug evidence was admissible. The jury convicted appellant of possession of a firearm after a felony conviction in violation of Code § 18.2-308.2(A). He was sentenced to five years imprisonment, the mandatory minimum sentence under Code § 18.2-308.2, as he had been previously convicted of a violent felony as defined in Code § 17.1-805.[2] This appeal followed.

## II. ANALYSIS

To obtain a conviction for possession of a firearm by one previously convicted of a felony, the Commonwealth must establish both that appellant possessed a firearm and that he had previously been convicted of a felony. Code § 18.2-308.2.

> A conviction for the unlawful possession of a firearm can be supported exclusively by evidence of constructive possession; evidence of actual possession is not necessary. "To establish constructive possession of the firearm by [the] defendant, the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control."

Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008) (quoting Rawls v. Commonwealth, 272 Va. 334, 349, 634 S.E.2d 697, 705 (2006)) (citations omitted). Generally, a trial court is given broad discretion over evidentiary matters, and we apply a deferential abuse-of-discretion standard of appellate review. Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, aff'd en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).

Here, appellant did not object at trial to the Commonwealth's introduction of evidence establishing he had been previously convicted of a felony, nor did he contest that the prior conviction was for a felony listed in Code § 17.1-805. He contends, however, that the trial court erred in admitting his taped phone conversation that he had been "caught with half a bird and

---

[2] Appellant had previously been convicted of possession of a firearm by a felon.

- 3 -

thirteen[,]" as well as testimony from the arresting officers that he possessed cocaine on his person and in a plastic bag "right below" his feet. He argues that the drug evidence was not relevant to prove he possessed the firearm and it was more prejudicial than it was probative.

The evidence in the record clearly established that appellant possessed the handgun found by Officer Huneycutt in a pillowcase located at appellant's feet. Appellant admitted to Officer Huneycutt that he owned the jewelry located in the same pillowcase in which the loaded handgun was found. From this evidence, a rational fact finder could reasonably conclude the Commonwealth proved appellant "'was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control'" in violation of Code § 18.2-308.2. Bolden, 275 Va. at 148, 654 S.E.2d at 586 (quoting Rawls, 272 Va. at 349, 634 S.E.2d at 705). We further conclude that the introduction of evidence that appellant possessed five rocks of crack cocaine in one sock, $1,380 in the other sock, and almost one-half kilo of cocaine in another bag adjacent to where the handgun was found, was additional evidence, which further established that appellant possessed the handgun. See Thomas, 44 Va. App. at 755, 607 S.E.2d at 745 ("Many courts have acknowledged the commonsense 'relationship between the distribution of controlled substances . . . and the possession and use of dangerous weapons.'" (quoting Logan v. Commonwealth, 19 Va. App. 437, 445, 452 S.E.2d 364, 369 (1994) (en banc))).

The trial court admitted, without objection from appellant, proof of his status as a convicted felon, a necessary element to obtain a conviction under Code § 18.2-308.2. Appellant had been previously convicted of possession of a firearm by a felon, classified as a violent felony under Code § 17.1-805. Accordingly, the proof required the jury to fix appellant's sentence to a mandatory sentence of five years imprisonment. Code § 18.2-308.2. We therefore conclude any claim of prejudice from the drug evidence as to sentencing by the jury to be without merit.

## III. CONCLUSION

For the reasons stated above, we conclude that the trial court did not err in admitting evidence that appellant possessed cocaine at the time of his arrest for possession of a firearm by a convicted felon. We, therefore, affirm appellant's conviction.

<u>Affirmed.</u>