COURT OF APPEALS OF VIRGINIA

Present:    Judges Petty, Alston and Senior Judge Willis
Argued at Richmond, Virginia


ANTHONY JERRY FIELDS, S/K/A
  ANTHONY JERRY FIELDS, SR.

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0719-09-2                      JUDGE JERE M. H. WILLIS, JR.
                                                              JULY 27, 2010

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                           Richard D. Taylor, Jr., Judge

            Catherine French, Supervising Assistant Public Defender, for
            appellant.

            Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        On appeal from his bench trial conviction of possession of cocaine, Anthony Jerry Fields

contends the trial court erred in denying his motion to suppress evidence obtained by the police

upon stopping him.  Specifically, he argues the police seized him without a reasonable,

articulable suspicion of criminal activity, in violation of the Fourth Amendment.  We disagree

and affirm his conviction.

                                    BACKGROUND

        Upon appeal of a trial court's denial of a motion to suppress, "'[t]he burden is upon [the

appellant] to show that th[e] ruling, when the evidence is considered most favorably to the

Commonwealth, constituted reversible error.'"  McGee v. Commonwealth, 25 Va. App. 193,

197, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Fore v. Commonwealth, 220 Va. 1007,

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

1010, 265 S.E.2d 729, 731 (1980)).  "Since the constitutionality of a . . . seizure under the Fourth Amendment involves questions of law and fact, we give deference to the factual findings of the trial court but independently decide whether, under the applicable law, the manner in which the challenged evidence was obtained satisfies constitutional requirements."  Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004).

On October 1, 2008, Officer Austin Lee Darnell observed Fields walking in the middle of Saint James Street on Richmond Redevelopment Housing Authority (RRHA) property.  Fields' presence in the street caused a car to brake to avoid striking him.  Darnell approached Fields and ordered him to stop, get out of the roadway, and come to the sidewalk.  Darnell obtained Fields' identifying information and determined he was barred from the property.  The officer arrested Fields for trespassing and, during a search incident to the arrest, discovered in Fields' pocket a glass smoking device containing cocaine residue.

## ANALYSIS

Fields argues that Darnell had no lawful basis to detain him, that his detention was thus unlawful and violative of his Fourth Amendment right to be free from unreasonable seizure, and that the information and evidence derived from that seizure should have been suppressed.

"If a police officer has reasonable, articulable suspicion that a person is engaging in, or is about to engage in, criminal activity, the officer may detain the suspect to conduct a brief investigation without violating the person's Fourth Amendment protection against unreasonable searches and seizures."  McGee, 25 Va. App. at 202, 487 S.E.2d at 263.  Reasonable suspicion is "'a particularized and objective basis' for suspecting the person stopped of criminal activity."  Ornelas v. United States, 517 U.S. 690, 696 (1996) (quoting United States v. Cortez, 449 U.S. 411, 417-18 (1981)).

Code § 46.2-928 provides:

> Pedestrians shall not use the roadways for travel, except when necessary to do so because of the absence of sidewalks which are reasonably suitable and passable for their use. If they walk on the hard surface, or the main travelled portion of the roadway, they shall keep to the extreme left side or edge thereof, or where the shoulders of the highway are of sufficient width to permit, they may walk on either shoulder thereof.

Code § 46.2-100 defines "roadway" as "that portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the shoulder."

> "Highway" means the entire width between the boundary lines of every way or place open to the use of the public for purposes of vehicular travel in the Commonwealth, including the streets and alleys, and, for law-enforcement purposes, (i) the entire width between the boundary lines of all private roads or private streets that have been specifically designated "highways" by an ordinance adopted by the governing body of the county, city, or town in which such private roads or streets are located and (ii) the entire width between the boundary lines of every way or place used for purposes of vehicular travel on any property owned, leased, or controlled by the United States government and located in the Commonwealth.

Id.

Fields argues that because the roadway on which he walked was private RRHA property and not open to the public, his presence in the roadway was not a violation of Code § 46.2-928. However, Code § 46.2-1307 permits localities to "adopt ordinances designating the private roads, within any residential development containing 100 or more lots, as highways for law-enforcement purposes." City ordinance, Richmond Code § 2005-269-2006-44, specifically provides in section 1 for the closure "to public use" of *inter alia* Saint James Street, and in section 3 designates the street a highway for law-enforcement purposes. Fields focuses his argument on section 2, which sets forth conditions on the closure, but does not limit section 3. Thus, if closed by the ordinance, the street was coincidentally designated a highway for law-enforcement purposes.

The trial court stated that it did not consider the ordinance in deciding the case. Fields argues that because "[t]he trial court did not consider the ordinance as a basis for denying the motion to suppress," this Court "cannot affirm the trial court's decision on the basis of the ordinance." However, our examination of the record "is not limited to the evidence mentioned by a party in trial argument or by the trial court in its ruling." Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008). In determining whether the evidence supports the trial court's judgment, we must consider "'all the evidence'" contained in the record. Hamilton v. Commonwealth, 279 Va. 94, 103, 688 S.E.2d 168, 173 (2010) (quoting Bolden, 275 Va. at 147, 654 S.E.2d at 586). In this case, that includes the ordinance.

Regardless of the ordinance, the record in this case establishes that when Fields was stopped, the roadway on which he walked was, to all appearances, open to the use of the public for purposes of vehicular travel and was thus, on its face, a highway for law-enforcement purposes. His presence in the street required evasive action by a vehicle. This provided Darnell with a reasonable, articulable suspicion that Fields was violating Code § 46.2-928, justifying his detention of Fields for investigative inquiry. Accordingly, we find no error with the trial court's denial of Fields' motion to suppress and affirm the trial court's judgment.

Affirmed.