COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Huff and AtLee
Argued at Norfolk, Virginia

CHRISTOPHER PARTAIN, S/K/A
 CHRISTOPHER J. PARTAIN

v.      Record No. 0488-19-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
DECEMBER 27, 2019

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
David W. Lannetti, Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


On September 5, 2018, a grand jury for the Circuit Court of the City of Norfolk ("circuit

court") indicted appellant Christopher Partain ("Partain") for felony failure to appear, in

violation of Code § 19.2-128,[1] and making a materially false statement on a consent form, in

violation of Code § 18.2-308.2:2.  On October 17, 2018, following a bench trial, the circuit court

found Partain not guilty of making a materially false statement, and guilty of failing to appear.

On appeal, Partain assigns the following error:  "The trial court erred in finding that the

evidence presented was sufficient to support the conviction of failing to appear because the

evidence did not establish that the Defendant's absence from the general district court on June

11, 2018, was willful."

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The indictment for the "felony failure to appear" charge misspells Partain's first name
as "Christophe" instead of "Christopher."

## I. BACKGROUND

On December 15, 2017, Partain went to Superior Pawn and Gun of Virginia to purchase a firearm. The relevant form asked whether Partain had ever been convicted of a misdemeanor, and he responded "no." However, after Partain completed the necessary paperwork, his application was denied based on his prior conviction in juvenile court for assault of a family member. On March 31, 2018, Virginia State Trooper Walden ("Trooper Walden") arrested Partain for making a false statement on a firearms consent form.

Partain's case was continued from May 2, 2018, until June 11, 2018. At trial on October 17, 2018, Trooper Walden testified that he was present in general district court on both May 2, 2018, and June 11, 2018. However, Trooper Walden also testified that Partain was present on May 2, 2018, but not June 11, 2018.[2]

Defense counsel asked Partain why he missed court. Partain responded,

> There's no excuse for why I missed court, but I had a lot of court dates going on at that time. I was stressed out over catching my first felony at 35 years old. Was trying to keep up with work. I was at risk of losing my apartment, losing my job. Everything was on the line because of this felony. And I had court dates with my daughter's mother, who was constantly taking me back and forth to court over child support. I had a court date with Officer Walden and a court date with my landlord. So, I had a lot of stuff going on at that time. It was a complete lapse of memory. Confusion, I guess. I apologize for that.

The circuit court found Partain guilty of failure to appear. This appeal followed.

---

[2] Although Partain argues that the record contains some ambiguity in Trooper Walden's testimony regarding Partain's presence in court on May 2, 2018, we view the facts in the light most favorable to the Commonwealth, the prevailing party below. See Bolden v. Commonwealth, 275 Va. 144, 148 (2008).

## II. ANALYSIS

### A. Standard of Review

"Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below." Bolden v. Commonwealth, 275 Va. 144, 148 (2008). "Viewing the record through this evidentiary prism requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" Bowman v. Commonwealth, 290 Va. 492, 494 (2015) (quoting Kelley v. Commonwealth, 289 Va. 463, 467-68 (2015)). In reviewing the sufficiency of the evidence, "the relevant question is . . . whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676 (2010). The circuit court's judgment will not be reversed unless it is "plainly wrong or without evidence to support it." Code § 8.01-680; Bolden, 275 Va. at 148.

### B. Sufficiency of the Evidence

Partain argues that the evidence was insufficient to convict him under Code § 19.2-128 because there was no evidence that his absence was "willful." The statute states, in relevant part, "Any person . . . charged with a felony offense . . . who willfully fails to appear before any court as required shall be guilty of a Class 6 felony." Code § 19.2-128(B). This Court has interpreted "willfully" according to its "customary meaning," defining it as "purposely, intentionally, or designedly." Williams v. Commonwealth, 57 Va. App. 750, 763 (2011) (quoting Hunter v. Commonwealth, 15 Va. App. 717, 721 (1993) (*en banc*)).

One way to show willfulness is by establishing that the defendant received timely notice of the time and place to appear. See Chavez v. Commonwealth, 69 Va. App. 149, 158-59 (2018). "Any failure to appear after notice of the appearance date [is] *prima facie* evidence that

such failure to appear [was] willful." Hunter, 15 Va. App. at 721 (alterations in original) (quoting Trice v. United States, 525 A.2d 176, 179 (D.C. 1987)). "When the government proves that an accused received timely notice of when and where to appear for trial and thereafter does not appear on the date or place specified, the fact finder may infer that the failure to appear was willful." Id. (first citing Smith v. United States, 583 A.2d 975, 979 (D.C. 1990); then citing Raymond v. United States, 396 A.2d 975, 978 (D.C. 1979)).

In this case, Partain does not contest that he did not appear on June 11, 2018. Instead, he argues that the Commonwealth failed to establish a *prima facie* case of willfulness by failing to show that he had received notice of the date and time of the June 11, 2018 court appearance. On the contrary, the record contains sufficient evidence of willfulness established by Trooper Walden and Partain's own testimony. Trooper Walden testified that Partain was present on May 2, 2018, the date from which the proceedings were continued. A fact-finder could reasonably infer that because Partain was present, he had notice. Similarly, Partain testified that there was "no excuse" for his missing court and that "[i]t was a complete lapse of memory." The circuit court, sitting as fact-finder can, and did, reasonably infer from these statements that Partain knew when and where he was required to appear. The circuit court was not required to believe that Partain forgot about the court appearance and could also infer that because Partain knew about the court appearance and did not appear, his absence was intentional.

For these reasons, the circuit court's judgment is affirmed.

Affirmed.