COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Raphael and Callins
Argued by videoconference


EDWARD C. LEWIS

MEMORANDUM OPINION* BY
v.        Record No. 0499-21-1            JUDGE ROBERT J. HUMPHREYS
FEBRUARY 8, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Michelle J. Atkins, Judge

Daymen Robinson for appellant.

Matthew J. Beyrau, Assistant Attorney General (Mark R. Herring,[1]
Attorney General, on brief) for appellee.


At a bench trial conducted on June 22, 2020, appellant Edward Lewis was found guilty of

one count of possession of a firearm by a violent felon in violation of Code § 18.2-308.2.  On

appeal, Lewis challenges the sufficiency of the evidence.

BACKGROUND

On appellate review of the sufficiency of the evidence to support a conviction, this Court

views the evidence in the light most favorable to the Commonwealth.  *See Smallwood v.

Commonwealth*, 72 Va. App. 119, 126 (2020).  At approximately 2:30 in the morning on June 1,

2019, Officers Antonio Lockinour and Logan Luketic of the Norfolk Police Department

conducted a traffic stop of a black, four-door Toyota Camry due to a defective running brake

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

light. Lewis was the driver and sole occupant of the vehicle. The vehicle was not registered to Lewis.

After stopping the vehicle, Officer Lockinour approached Lewis on the driver's side to ask for identification. As he approached, he used his flashlight to illuminate the interior of the vehicle and observed a child's car seat and a lowered armrest containing two cupholders. He did not observe a firearm to be present in the backseat of the vehicle at that time.

After a brief conversation with Lewis where Lewis informed the officers that the car belonged to the mother of his child, the officers returned to their vehicle. Once there, Officer Lockinour saw Lewis moving around in the vehicle. Body-camera footage shows Lewis reaching into the backseat area of the car. Officer Luketic approached from the passenger side and told Lewis not to reach for anything during the stop. Lewis admitted to reaching into the backseat but claimed that he was reaching for one of the cups. Officer Luketic testified that Lewis was nervous and repeatedly glanced into the backseat area.

After checking Lewis' information, Officer Lockinour approached the vehicle from the driver's side. Officer Luketic went around the car towards the driver's side and then observed a flash of metal and what appeared to be the barrel of a gun pointing upwards out of a towel next to the safety seat. Lewis was detained for officer safety, and the gun was recovered.

Lewis was arrested and charged with possession of a firearm by a non-violent felon.[2] At the bench trial conducted on June 22, 2020, the circuit court found Lewis guilty based on a finding that Lewis actually possessed the firearm when he reached into the backseat and sentenced him to five years' imprisonment, with no time suspended.

---

[2] The indictment was later amended to reflect a charge of possession of a firearm by a violent felon.

ANALYSIS

On appeal, Lewis assigns error to the circuit court's finding that the evidence was sufficient to convict him of knowingly and intentionally possessing the firearm found in the vehicle.

"When reviewing the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Yoder v. Commonwealth*, 298 Va. 180, 181-82 (2019) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Pijor*, 294 Va. at 512). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

The sufficiency inquiry "does not distinguish between direct and circumstantial evidence, as the fact finder . . . 'is entitled to consider all of the evidence, without distinction, in reaching its determination.'" *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 512-13 (2003)). "Circumstantial evidence is not 'viewed in isolation' because the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable [fact finder]' to conclude beyond a reasonable

doubt that a defendant is guilty." *Rams v. Commonwealth*, 70 Va. App. 12, 27 (2019) (alteration in original) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)).

Here, Lewis was convicted of violating Code § 18.2-308.2(A), which provides that "[i]t shall be unlawful for . . . any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm or ammunition for a firearm[.]"

Possession can be actual or constructive. *Raspberry v. Commonwealth*, 71 Va. App. 19, 29-30 (2019) (quoting *Hunter v. Commonwealth*, 56 Va. App. 50, 58 (2010)). Under either theory, the Commonwealth must prove that "the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control." *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008); *see also Hunter*, 56 Va. App at 59. [3] However, to prove actual possession, the Commonwealth must also show that the defendant actually laid hands on the firearm. *See Hunter*, 56 Va. App. at 59.

While mere proximity to the firearm, standing alone, is insufficient to convict, "it is a circumstance probative of possession and may be considered as a factor in determining whether the defendant possessed the firearm." *Bolden*, 275 Va. at 148. This is especially true when the firearm is not stored in a secured container, such as a glove box or trunk. *See id.* at 149 (finding it probative of knowledge when firearm was found in a plastic grocery bag that was "open and obvious"). Relatedly, the defendant's occupancy of a vehicle in which a firearm is found is also relevant and probative of possession. *See id.*; *Logan v. Commonwealth*, 19 Va. App. 437, 444 (1994) (*en banc*). Furtive movements towards the location in a vehicle where a firearm is found are evidence indicative of knowledge, dominion, and control of the firearm. *Clarke v.*

---

[3] Lewis does not argue that the firearm was in a location outside of his dominion and control, but only that the evidence did not support a finding that he was aware of the presence and character of the firearm.

*Commonwealth*, 32 Va. App. 286, 305-06 (2000). Finally, the defendant's behavior and nervous demeanor is a fact probative of knowledge of the presence and character of the firearm. *See McArthur v. Commonwealth*, 72 Va. App. 352, 368 (2020).

Lewis argues that the evidence was insufficient to support a finding that he actually possessed the firearm. He contends that the Commonwealth failed to exclude the possibility that the firearm was present in the backseat of the car before he reached into that area. Assuming, without deciding, that the evidence was insufficient to convict Lewis under an actual possession theory, we nonetheless hold that the evidence was sufficient to convict Lewis under a constructive possession theory.

Here, the totality of the evidence, when viewed in the light most favorable to the Commonwealth, was sufficient to support a finding that Lewis was aware of the nature and character of the firearm. Lewis was the sole occupant of the vehicle, which belonged to the mother of his child. The firearm was not stored out of sight in the glove box or the trunk, but next to the child safety seat in the backseat of the car. The defendant made furtive movements towards the location of the firearm once the officers returned to their vehicle, and Officer Luketic testified that Lewis was nervous and repeatedly glanced towards the backseat during the encounter. While any one of these facts in isolation may not be sufficient to sustain a conviction, when viewed as a whole, in the light most favorable to the Commonwealth, the facts are plainly sufficient to support a conclusion by a reasonable factfinder that Lewis was in constructive possession of the firearm. *See Clarke*, 32 Va. App. at 305-06 ("[Defendant] was the only occupant of the vehicle at the time he was arrested, and his hand was seen reaching behind his seat, toward the location of the gun . . . . From these facts, the court could properly infer that [defendant] was aware of the firearm's presence in the seat pocket of the vehicle . . . .").

- 5 -

Our mandate is to decide cases on the best and narrowest grounds. *See Commonwealth v. White*, 293 Va. 411, 419 (2017). Because the evidence was sufficient to support a conviction on a constructive possession theory, we need not decide whether the evidence was sufficient to convict Lewis on an actual possession theory. Accordingly, for the reasons stated in this opinion, we affirm Lewis' conviction.

*Affirmed.*