COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Athey, Causey and Chaney


DAVON JERMAINE BRYANT
                                                    MEMORANDUM OPINION*
v.        Record No. 0008-24-1                            PER CURIAM
                                                     SEPTEMBER 9, 2025
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
C. Peter Tench, Judge Designate

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Andrew T. Hull, Assistant
Attorney General, on brief), for appellee.


Following a jury trial, the trial court convicted Davon Jermaine Bryant of possession of a

firearm by a convicted felon.  The trial court sentenced Bryant to five years' imprisonment.  On

appeal, Bryant challenges the sufficiency of the evidence against him.  Finding no error, we affirm

the trial court.[1]

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial."  *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

Accordingly, we must "discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all

---

* This opinion is not designated for publication.  *See* Code § 17.1-413.

[1] After examining the briefs and record in this case, the panel unanimously holds that oral
argument is unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a);
Rule 5A:27(a).

fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

On May 11, 2020, Newport News Police Officer Timothy Mousetis conducted a traffic stop on a sedan with insufficiently illuminated plates. Bryant was the sole occupant. Officer Mousetis smelled marijuana, and Bryant freely admitted he had some in the vehicle. Bryant also admitted there was a firearm in the car. Following these admissions, Officer Mousetis searched the vehicle and recovered a loaded revolver from the center console. Officer Mousetis learned that Bryant was a convicted felon and placed him under arrest. During transport to the jail, after being advised of his *Miranda*[2] rights, Bryant stated that he only carried the weapon when he was in Newport News. Officer Christopher Smith later test-fired the weapon and confirmed it was operational. The Commonwealth introduced evidence that Bryant had previously pleaded guilty to various felonies, including robbery and credit card theft.

In his motion to strike, Bryant argued that there was an insufficient chain of custody as to the firearm, that the Commonwealth had not proven that the firearm was functional, and that the Commonwealth had failed to prove the gun was found during a valid traffic stop. The Commonwealth responded that these arguments should have been raised in a motion to suppress, rather than a motion to strike, as they essentially challenged the admissibility of the evidence against Bryant. The Commonwealth further noted that Officer Mousetis identified himself on the body-worn camera footage played during trial and that two officers had identified the firearm and found it functional. The trial court denied Bryant's motion to strike and denied his renewed motion to strike after he declined to present evidence. The jury found Bryant guilty of possession of a firearm by a convicted felon. Bryant appeals.

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

ANALYSIS

Bryant argues only that the evidence was insufficient to prove he knowingly possessed the firearm. We disagree.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Pijor*, 294 Va. at 512). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

"A conviction for the unlawful possession of a firearm can be supported exclusively by evidence of constructive possession; evidence of actual possession is not necessary." *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008). To prove that a defendant constructively possessed a firearm, "the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control." *Id.* (quoting *Rawls v. Commonwealth*, 272 Va. 334, 349 (2006)). Proximity to the firearm "is a circumstance probative of

possession and may be considered as a factor in determining whether the defendant possessed the firearm." *Id.*

The evidence here showed that Bryant knowingly possessed the firearm. Bryant freely admitted he had a gun with him during the traffic stop. Bryant later made statements indicating that he only travelled with a firearm while in Newport News. The firearm was found to be functional through test-firing. Though Bryant argues that the Commonwealth failed to prove he had knowledge of the firearm, his freely offered statements showed he knew the firearm was in the center console. Bryant could have easily exercised dominion over the firearm at any time he was in the vehicle. This is a textbook case of constructive possession. In short, the record abundantly supports the jury's verdict.

## CONCLUSION

The evidence was sufficient to convict Bryant of possession of a firearm by a convicted felon. As such, the trial court did not abuse its discretion in denying the motion to strike. Accordingly, we affirm the judgment.

*Affirmed.*