UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Causey and Frucci

CEVAN ORINOEL PIERCE

v.      Record No. 0554-24-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 28, 2025

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Robert B. Rigney, Judge

(Trevor Jared Robinson; The Robinson Law Group, on brief), for appellant.

(Jason S. Miyares, Attorney General; Aaron J. Campbell, Assistant Attorney General, on brief), for appellee.

After a bench trial, the Circuit Court of the City of Norfolk convicted Cevan Pierce of possession of a firearm by a nonviolent felon. Pierce contends that the evidence was insufficient to support his conviction. Finding no error in the circuit court's judgment, we affirm the conviction.[1]

BACKGROUND

We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we discard any evidence that conflicts with the Commonwealth's evidence, and regard as true all the credible evidence favorable

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

to the Commonwealth and all inferences that can be fairly drawn from that evidence. *Cady*, 300 Va. at 329.

The evidence established that at 10:45 p.m. on March 15, 2023, Officer Haywood initiated a traffic stop of a vehicle with no front tag in the 100 block of Wide Street in Norfolk. As Officer Haywood approached the vehicle's driver side, Officer Gardner arrived to assist and approached the passenger side. Neither officer observed any furtive movements as they each approached the stopped car. There were three people in the car, two in the front and Pierce alone in the backseat. As Officer Haywood talked with the driver, Officer Gardner shined his flashlight through the back window and saw a firearm laying in plain view on the rear passenger seat within Pierce's reach. The butt of the firearm faced Pierce, and a red coat was partially on the seat and partially on the floorboard to the right of the gun. Pierce was looking down at his cellphone.

Officer Gardner immediately informed Officer Haywood about the presence of the firearm. Officer Haywood saw the gun "unobstructed in plain view" next to Pierce and asked him if the firearm belonged to him. Pierce looked up from his phone toward the firearm before stating, "no." The other occupants also denied ownership of the gun. Officer Gardner then recovered the loaded P80 9-millimeter firearm while Officer Haywood removed the occupants from the vehicle. The firearm had no serial number.

Pierce was wearing a fanny pack across his chest that was unzipped. The pack was large enough to hold the recovered firearm. Pierce informed Officer Haywood he was a convicted felon. At trial, Pierce stipulated that the firearm the officer recovered was "designed and intended to propel a missile of any kind by any action of an explosion of any combustible material." The Commonwealth also submitted a prior felony conviction order, without objection.

After the Commonwealth rested, Pierce moved to strike the charge. He argued that the firearm was inside the red jacket that was next to him and, unbeknownst to him, shifted out of the jacket during the drive. Since he was unaware of the firearm's presence, he argues, he could not exert dominion and control over it. Additionally, he did not acknowledge the firearm until asked about it and denied ownership of it. Further, the Commonwealth did not present scientific evidence that proved he handled the firearm.

The circuit court took Pierce's motion under advisement. In a letter opinion, the circuit court denied Pierce's motion to strike, finding that "[i]t strain[ed] credulity" to believe Pierce was unaware of the presence of the firearm in plain sight and within arm's reach. The circuit court convicted him of possession of a firearm by a nonviolent felon and sentenced him to two years of incarceration. Pierce appeals.

ANALYSIS

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). "Thus, 'it is not for this [C]ourt to say that the evidence does or does not establish [the defendant's] guilt beyond a reasonable doubt because as an original proposition it might have reached a different conclusion.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (alterations in original) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)).

The only relevant question for this Court on review "is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, 'the

- 3 -

reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"It shall be unlawful for any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm." Code § 18.2-308.2(A). "To prove a possession offense, the Commonwealth must 'produce evidence sufficient to allow a rational factfinder to conclude beyond a reasonable doubt that the defendant intentionally and consciously possessed the contraband with knowledge of its nature and character.'" *Commonwealth v. Wilkerson*, ___ Va. ___, ___ (Feb. 20, 2025) (quoting *Garrick*, 303 Va. at 183). Possession can be actual or constructive. *Raspberry v. Commonwealth*, 71 Va. App. 19, 29-30 (2019).

> To prove constructive possession, the Commonwealth "must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the contraband and that the contraband was subject to his dominion and control."

*Wilkerson*, ___ Va. at ___ (quoting *Garrick*, 303 Va. at 183).

While mere proximity to the firearm, standing alone, is insufficient to convict, "it is a circumstance probative of possession and may be considered as a factor in determining whether the defendant possessed the firearm." *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008). This is especially true when the firearm is not stored in a secured container, such as a glove box or trunk. *See id.* at 149 (finding it probative of knowledge when the firearm was found in a plastic grocery bag that was "open and obvious"). The defendant's occupancy of a vehicle in which a firearm is found is also relevant and probative of possession. *Id.*

"The 'reasonable hypothesis of innocence' concept is also well defined. The Commonwealth need exclude only reasonable hypotheses of innocence that 'flow from the evidence itself, and not from the imagination' of the defendant." *Kelley v. Commonwealth*, 69 Va. App. 617,

- 4 -

629 (2019) (quoting *Pijor*, 294 Va. at 512). "[T]he 'pertinent question' on appeal is 'whether a rational factfinder, in light of all the evidence, could have *rejected* [the defendant's] theories of innocence and found him guilty beyond a reasonable doubt.'" *Wilkerson*, ___ Va. at ___ (second alteration in original) (quoting *Commonwealth v. Moseley*, 293 Va. 455, 464-65 (2017)). "This is because 'the factfinder ultimately remains responsible for weighing the evidence,' and the factfinder is the one who 'determines which reasonable inferences should be drawn from the evidence, and whether to reject as unreasonable the hypothesis of innocence advanced by a defendant.'" *Id.* at ___ (quoting *Moseley*, 293 Va. at 464).

Pierce argues that the circuit court erred when it found the evidence sufficient to convict him of possessing a firearm as a nonviolent felon. He contends that it is possible that he was unaware of the firearm because it was hidden beneath various items in the backseat and that it was dislodged as the car drove. He notes that no forensic evidence was presented to prove he had actually possessed the firearm and he also denied ownership of it.

The record contains evidence to support the circuit court's judgment. The fulcrum of Pierce's argument is that there was a reasonable hypothesis of innocence: namely, that the previously hidden firearm shifted while the car was moving but he never noticed it. "While the Commonwealth must prove that the accused committed the crime beyond a reasonable doubt, it has to do so by excluding every reasonable hypothesis of innocence flowing "'from the evidence itself, and not from the imagination of defendant's counsel.'"" *Sample v. Commonwealth*, 303 Va. 2, 17 (2024) (quoting *Tyler v. Commonwealth*, 254 Va. 162, 166 (1997)). There was no evidence that the gun originally was in the red coat, and its location on the seat made that conclusion unlikely. On the other hand, Pierce was wearing an unzipped, empty fanny pack across his chest which was large enough to hold the recovered firearm. A reasonable inference from that circumstance is that Pierce removed the gun from the fanny pack and placed it on the seat next to him before the officers got to

the car window. "Under longstanding appellate principles, whether an 'alternative hypothesis of innocence is reasonable is a question of fact' that will be reversed on appeal only if plainly wrong." *Thorne v. Commonwealth*, 66 Va. App. 248, 254 (2016) (quoting *Stevens v. Commonwealth*, 38 Va. App. 528, 535 (2002)). Here, credible evidence and reasonable inferences support the circuit court's finding.

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*